**[J-70-2021][M.O. – Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 28 MAP 2021 |
| | : | |
| Appellee | : | Appeal from the Superior Court at No. |
| | : | 2347 EDA 2019 dated 9/25/20 |
| | : | vacating the order of the Lehigh |
| v. | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-39-CR- |
| | : | 0000279-2019 dated 8/2/19 and |
| | : | remanding |
| TIMOTHY OLIVER BARR II, | : | |
| | : | |
| Appellant | : | |
| | | ARGUED:  October 27, 2021 |

### *CONCURRING OPINION*

**JUSTICE SAYLOR**                                **DECIDED:  December 29, 2021**

It appears to me that the suppression court's ruling turned on its acceptance of expert testimony that it is impossible to distinguish between burnt marijuana (resulting from illegal smoking of either medical marijuana or a contraband form of the substance) and legally consumed medical marijuana emanating from a vaporization device.  Given the integral involvement of this credibility assessment – and the concomitant possibility that the suppression court's ruling may be case-specific (for example, should contrary expert testimony be credited in another case) -- I do not support the broader facets of the majority's pronouncements.

In other words, if in fact the smell of burnt marijuana more than likely derives from combustion, it seems to me to be very probable that the illegal act of smoking marijuana

has been committed, when an officer smells burnt marijuana emanating from the interior of a motor vehicle.